IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 17 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | | |
|---|---|---|
| WELL GO USA, INC. <br> A TEXAS CORPORATION, <br><br> PLAINTIFF, <br><br> VS. <br><br> UNKNOWN PARTICIPANTS IN FILESHARING SWARM IDENTIFIED BY HASH: B7FEC872874D0CC9B1372ECE-5ED07AD7420A3BBB <br><br> DEFENDANTS. | § § § § § § § § § § § § § § | C.A. NO.: 4:11-cv-00554 -A |

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
### TO TAKE EXPEDITED DISCOVERY

The Court has read all the papers filed in connection with the Plaintiff's Motion for Leave to Take Expedited Discovery ("Motion"), and considered the sworn declaration and issues raised therein, including the unique aspects of BitTorrent infringement.

ORDERED that Plaintiff's Motion for Leave to Take Expedited Discovery is granted.

ORDERED that Plaintiff is allowed to serve immediate discovery on the internet service providers included in Exhibit A of this Order to obtain the identity of each John Doe Defendant by serving each a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses; it is further

ORDERED that the Plaintiff may serve immediate discovery on any service provider identified by the same means detailed in the Declaration and Motion, or identified as providing internet access to one or more Doe Defendants, by a provider upon whom a Rule 45 subpoena is

served, for which an infringing download has been identified by individual IP address together with the date and time the infringing activity through that IP address occurred. Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, e-mail address, and Media Access Control Address.

ORDERED that Plaintiff is allowed to serve a Rule 45 subpoena in the same manner as above to any service provider that is identified in response to a subpoena as a provider of internet services to one of the John Doe Defendants; it is further

ORDERED that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED that any service provider that receives a subpoena shall provide Plaintiff with the requested records in a timely manner and shall not assess production fees, if any, to Plaintiff until delivery of said records; it is further

ORDERED that if the number of records requested in a single subpoena exceeds one-hundred, the service provider may provide the records in partial batches over a period of months, with the first batch to be delivered within two months of the date of service of the subpoena and the final batch to be delivered not more than six months from the date of service of the subpoena; it is further

ORDERED that any service provider demanding fees for production of records shall assess a reduced fee, if any, for IP addresses for which the service provider does not have records or for multiple IP addresses in the subpoena that resolve to the same individual; and it is further

ORDERED that any service provider which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for

such billing summary and any costs claimed by such provider; it is further

ORDERED that the service provider shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and it is further

ORDERED that Plaintiff shall provide each service provider with a copy of this Order.

Signed 8/17/11
Dated: _____

_____
JOHN MCBRYDE
United States District Judge

Verizon Online, LLC.
AT&T Internet Services
Sprint
Charter Communications
Insight Communications
Clearwire
Time Warner Cable, Inc.
Suddenlink

Exhibit A to order signed August 17, 2011 in
Case No. 4:11-CV-554-A

(Page 1 of 1)