

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 19 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | | |
|---|---|---|
| WELL GO USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-554-A |
| | § | |
| UNKNOWN PARTICIPANTS IN, | § | |
| FILESHARING SWARM | § | |
| Defendant. | § | |

## ORDER UNFILING DOCUMENT(S)

The Clerk has identified the following defect(s) in the form of the document(s) filed September 19, 2011, by movant, Time Warner Cable, Inc., titled Motion to Quash Subpoena:

> **This case is not designated for electronic filing. All documents should be filed in traditional paper form, bearing the original signature of the filer. See Standing Order, filed _____ August 10 __, 2011_____.**

Because of such defect(s), the court has determined that the document(s) indicated above should be unfiled from the record of this action. Therefore, the court ORDERS that such document(s) be, and is hereby, unfiled, and the Clerk is directed to note on the docket the unfiling of such document(s).

SIGNED _____ 9/19 ___, 201_1___.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **WELL GO USA, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:11-cv-00554** |
| | § | |
| **UNKNOWN PARTICIPANTS IN** | § | |
| **FILESHARING SWARM,** | § | |
| | § | |
| **Defendants.** | § | |

---

**TIME WARNER CABLE INC.'S MOTION TO QUASH SUBPOENA**

---

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Time Warner Cable Inc. ("TWC"), which operates as an Internet Service Provider under the name "Road Runner," hereby moves to quash the subpoena issued to it. The subpoena demands that TWC provide identifying information in connection with 128 Internet Protocol ("IP") addresses that supposedly correspond to TWC subscribers who are defendants in the cases.

**I.     INTRODUCTION**

TWC moves to quash the subpoena in this case for three reasons. First, compliance with the subpoena would be excessively burdensome and expensive. Second, those large burdens arise because Mr. Stone has, once again, improperly attempted to join in a single litigation numerous unrelated actors in violation of Rule 20. Finally, Mr. Stone has not properly served the subpoena on TWC.

The Court therefore should quash the subpoena issued to TWC. In the alternative, the Court may wish to transfer this case to Judge Furgeson, who already has handled more than a dozen of Mr. Stone's identical cases and is intimately familiar with the issues.

---