

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WELL GO USA, INC.<br>A TEXAS CORPORATION,<br><br>PLAINTIFF,<br><br>VS.<br><br>UNKNOWN PARTICIPANTS IN<br>FILESHARING SWARM IDENTIFIED BY<br>HASH: B7FEC872874D0CC9B1372ECE-<br>5ED07AD7420A3BBB<br><br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO.: 4:11-cv-00554 |

### MOTION TO COMPEL COMPLIANCE WITH COURT'S ORDER GRANTING DISCOVERY

NOW COMES plaintiff Well Go USA, Inc. (Well Go) and seeks an Order compelling Time Warner Cable to respond to a subpoena issued pursuant to an Order of this Court. In support of this motion, Plaintiff states as follows:

1. That on August 15, 2011 Plaintiff moved this Court for leave to take expedited discovery in the above-captioned case. [Dkt. #4]

2. That on August 17, 2011 this Court entered an Order Granting Plaintiff's Motion for Leave to Take Expedited Discovery, allowing Plaintiff to immediately serve a Rule 45 subpoena on Time Warner Cable, a non-party internet service provider. [Dkt. #6] The order authorized Well Go to seek information in the subpoena sufficient to identify each anonymous Defendant, including name, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses, and requiring Time Warner Cable to respond to said subpoena in a timely manner.

3. That on August 23, 2011, a subpoena was served on Time Warner via its Subpoena Compliance Department e-mail address, subpoenainquiry@twcable.com, seeking identifying information of Time Warner Cable customers pursuant to the Court's Order.

4. That on September 6, 2011 Time Warner Cable refused to comply with said subpoena and filed an objection. *See* Exhibit 1, Time Warner's Objection. Time Warner Cable argues that in complying with the subpoena, it will incur substantial burdens and costs, that the Court lacks jurisdiction in this matter, that Defendants have been improperly joined, and that Time Warner Cable was improperly served.

5. Subsequently, Time Warner attempted to file a Motion to Quash Plaintiff's subpoena. [Dkt. #9] The Court promptly unfiled this Motion citing the deficiency that the Motion was filed electronically. [Dkt. #10]

6. Should this Motion ultimately be filed in a proper manner, Plaintiff notes that a Motion to Quash a subpoena issued pursuant to a Court Order is improper on its face because it is an end-run around the Court's Discovery Order and an Order granting discovery against a nonparty is not directly appealable. *In re Flat Glass Antitrust Litig.*, 288 F.3d at 88; *Connaught Labs. V. Smith-Kline Beecham P.L.C.*, 165 F.3d 1368, 1370-71 (Fed.Cir.1999); *MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 121-22 (4th Cir.1994); *FTC v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir.1985)

WHEREFORE, Plaintiff Well Go respectfully requests this Court enter an Order requiring Time Warner Cable to respond to Well Go's subpoena and provide all identifying information authorized by the Court's discovery order, and duly requested in said subpoena.

                                                Respectfully Submitted,

                                                */s/ E.F. Stone*

                                                Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas 76201
Phone: 469-248-5238
Fax: 310-756-1201
E-mail: lawoffice@wolfe-stone.com

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Motion on Time Warner Cable by e-mail on September 20, 2011. Because the identities and contact information of the John Doe Defendants are unknown at this time, service could not be made on Defendants.

                                              s/ *E.F. Stone*
                                              Evan Stone

### CERTIFICATE OF CONFERENCE

I hereby certify that I contacted counsel for nonparty internet service provider Time Warner Cable regarding this Motion and that said counsel did object to its filing.

                                              s/ *E.F. Stone*
                                              Evan Stone

Exhibit 1

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| WELL GO USA, )<br>)<br>v. )<br>)<br>SWARM )<br>) | No. 3:11-cv-00554 |

### NON-PARTY TIME WARNER CABLE INC.'S
### OBJECTIONS TO PLAINTIFF'S SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Time Warner Cable Inc. ("TWC"), which operates as an Internet Service Provider under the name "Road Runner," hereby objects to the subpoena issued to TWC in the above-captioned case (the "Subpoena") as follows:

1. TWC objects to the Subpoena because responding to the Subpoena would cause TWC to incur substantial and undue burdens. TWC also is already responding to multiple prior subpoenas in parallel copyright cases. Compliance with this new subpoena will cause TWC to incur substantial additional burdens.

2. TWC objects to the Subpoena to the extent that it would require TWC to incur significant costs to comply. TWC would incur costs for each lookup, and also would incur costs to notify subscribers. *See* Fed. R. Civ. P. 45(c)(2)(B) (an order to compel production "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance").

3. TWC objects to the Subpoena to the extent that it requires production of information regarding defendants who are beyond the jurisdiction of the Court.

4. TWC objects to the Subpoena to the extent that the burdens created by it result from improper joinder of defendants in violation of Federal Rule of Civil Procedure 20.

5. TWC objects to the Subpoena to the extent that it purports to require TWC to provide information or documents in the possession of other persons or entities.

6. TWC objects to the Subpoena to the extent that it seeks information about persons who are not defendants in the above-captioned case.

7. TWC objects on the ground that it was not properly served with the Subpoena.

Dated: September 6, 2011

_____
Alexander Maltas
LATHAM & WATKINS LLP
555 11th St. NW
Suite 1000
Washington, DC 20004
(202) 637-2295

*Counsel for Time Warner Cable Inc.*

## CERTIFICATE OF SERVICE

  I, Alexander Maltas, certify that on September 6, 2011, I served the foregoing "Non-Party Time Warner Cable Inc.'s Objections To Plaintiff's Subpoena" via email and first class U.S. Mail upon:

Evan Stone
Law Offices of Evan Stone
624 W. University Drive #386
Denton, TX 76201

              _____
              Alexander Maltas