


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WELL GO USA, INC.<br>A TEXAS CORPORATION,<br><br>PLAINTIFF,<br><br>VS.<br><br>UNKNOWN PARTICIPANTS IN<br>FILESHARING SWARM IDENTIFIED BY<br>HASH: B7FEC872874D0CC9B1372ECE-<br>5ED07AD7420A3BBB<br><br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ C.A. NO.: 4:11-cv-00554–A |

## PLAINTIFF'S RESPONSE TO SUBPOENA OBJECTION FROM UNKNOWN PERSON

On September 26, 2011, an unnamed customer of Charter Communications, by and through counsel, filed an objection, and an amended objection to Plaintiff's subpoena. [Dkts. #14 & #16] Plaintiff notes that this objection was improperly filed. Such objections need only be served upon the party issuing the subpoena or its counsel, and need not be filed with the Court.[1] Plaintiff therefore requests that the Court deny the relief that this customer appears to be requesting. In support, Plaintiff notes that its subpoena was issued pursuant to this Court's Order of August 17, 2011. [Dkt #6] Additionally, Plaintiff will take this opportunity to address the objection on the merits, as if the objection were filed as a motion to quash.

Rule 45(c)(3) sets forth the grounds on which a court must or may quash a subpoena. *See* Fed. R. Civ. P. 45(c)(3)(A)&(b). The only available ground this

---

[1] Fed. R. Civ. P. 45(c)(2)(B)

individual might have based her motion on is that the subpoena might have "required disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(c)(3)(A)(iii). Plaintiff's subpoena did not require disclosure of such information. The information subpoenaed by Plainitff was merely the contact information, such as a true name and address, of the account holders whose accounts were used for unlawful activities. Courts have repeatedly found that this sort of contact information is neither privileged nor protected.[2] Because this information is not privileged, the objecting individual has no grounds on which to quash this subpoena.

Moreover, the notion that Defendants to this litigation may have valid defenses, such as the culpability of third parties, is a premature consideration. Such defenses are not grounds for quashing a subpoena. *West Bay One, Inc.* ("While the movants' denial of liability may have merit, the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.")

Additionally, Plaintiff's subpoena is not overly broad, as the objection suggests. On the contrary, Plaintiff's subpoena was very narrowly tailored, and only sought the true name, address, telephone number, e-mail address, and Media Access Control address of each internet service subscriber identified. The discovery of this information was expressly authorized by the Court's Order Granting Plaintiff's Motion for Leave to Take Expedited Discovery. [Dkt. #6]

Whether this individual has or has not visited a certain website or domain is not the subject matter of this litigation. Rather, Plaintiff simply asserts that this individual's

---

[2] See *VCX LTD. v. DOES 1 - 113*, Case No. 3:10-cv-01702-B (N.D.T.X.) (Kaplan, J.) citing *West Bay One, Inc. v. Does 1 - 1,653*, 2010 WL 3522265 at 3 (D.D.C. Sept. 10, 2010) (citing cases) ("Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers.")

account was used to distribute Plaintiff's film, in violation of Plaintiff's intellectual property rights.

Finally, Plaintiff's subpoena does not expose the individual to any risk of identity theft or unauthorized wireless use. As per the Discovery Motion and Order, Plaintiff may only use the information obtained through the subpoena in connection with this litigation; the information will not be divulged to any outside parties.

For the foregoing reasons, Plaintiff requests the Court deny any relief sought by this individual's objection.

Respectfully Submitted,

_____
Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas 76201
Phone: 469-248-5238
Fax: 310-756-1201
E-mail: lawoffice@wolfe-stone.com