IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| WELL GO USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-554-A |
| | § | |
| UNKNOWN PARTICIPANTS IN, | § | |
| FILESHARING SWARM | § | |
| Defendants. | § | |

### ORDER UNFILING DOCUMENT(S)

The Clerk has identified the following defect(s) in the form of the document(s) filed September 29, 2011, by plaintiff, titled Response to Subpoena Objection from Unknown Person:

**A completed certificate of service as defined in Fed. R. Civ. P. 5(d) is required.**

Because of such defect(s), the court has determined that the document(s) indicated above should be unfiled from the record of this action. Therefore, the court ORDERS that such document(s) be, and is hereby, unfiled, and the Clerk is directed to note on the docket the unfiling of such document(s).

SIGNED _9/30_, 201_1_.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WELL GO USA, INC. <br> A TEXAS CORPORATION, <br><br> PLAINTIFF, <br><br> VS. <br><br> UNKNOWN PARTICIPANTS IN FILESHARING SWARM IDENTIFIED BY HASH: B7FEC872874D0CC9B1372ECE-5ED07AD7420A3BBB <br><br> DEFENDANTS. | § § § § § § § § § § § § § | C.A. NO.: 4:11-cv-00554 - A |

## PLAINTIFF'S RESPONSE TO SUBPOENA OBJECTION FROM UNKNOWN PERSON

On September 26, 2011, an unnamed customer of Charter Communications, by and through counsel, filed an objection, and an amended objection to Plaintiff's subpoena. [Dkts. #14 & #16] Plaintiff notes that this objection was improperly filed. Such objections need only be served upon the party issuing the subpoena or its counsel, and need not be filed with the Court.[1] Plaintiff therefore requests that the Court deny the relief that this customer appears to be requesting. In support, Plaintiff notes that its subpoena was issued pursuant to this Court's Order of August 17, 2011. [Dkt #6] Additionally, Plaintiff will take this opportunity to address the objection on the merits, as if the objection were filed as a motion to quash.

Rule 45(c)(3) sets forth the grounds on which a court must or may quash a subpoena. *See* Fed. R. Civ. P. 45(c)(3)(A)&(b). The only available ground this

---

[1] Fed. R. Civ. P. 45(c)(2)(B)